UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex. rel. TOD N. ROCKEFELLER,<br>  Plaintiff,<br>  v.<br>VIACOM, INC., Successor by<br>Merger to CBS CORP., d/b/a<br>WESTINGHOUSE, WASTE ISOLATION<br>DIVISION, and the new CBS<br>CORP.,<br>  Defendants. | NO. CV-05-5091-LRS<br><br>ORDER OF DISMISSAL |

Plaintiff was employed as an environmental scientist for the United States Department of Energy at its Waste Isolation Pilot Plant in Carlsbad, New Mexico, from 1993 until his termination in 1997. Acting as his own lawyer, he has filed multiple lawsuits against both the United States Department of Energy as well as its related entities during the intervening years. See Statement of Points and Authorities in Support of Defendants' Motion to Dismiss, Ct. Rec. 10.

In the present case, Plaintiff asserts four causes of action. Counts I and II assert violations of the False Claims Act codified at 31 U.S.C. § 3729(a)(1) and (2). Counts III and IV assert common law theories of recovery based upon "Payment by Mistake" and "Unjust Enrichment." Plaintiff's claims were the subject of

ORDER OF DISMISSAL - 1

previous litigation in the case of *United States, ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10 (D.D.C. 2003) and were dismissed more than 2 years ago. While Plaintiff has deleted an individual defendant named in the prior lawsuit from the current litigation, the real parties in interest remain the same as do the essential allegations of the lawsuit which Plaintiff has filed herein.

In the earlier action, Judge Walton of the United States District Court for the District of Columbia ruled that Plaintiff was a non-lawyer and therefore could not bring claims on behalf of the United States without being represented by qualified legal counsel. Having had the full and fair opportunity to litigate the question of proceeding pro se, the earlier court's ruling binds the parties to this action and may not be re-litigated in the Eastern District of Washington. Additionally, this Court finds the reasoning of the earlier decision to be in accord with the law and concludes that private persons acting without legal counsel lack standing to recover claims against a defendant on behalf of the United States whether proceeding under the False Claims Act or on a theory of common law recovery.

The False Claims Act has a six (6) year statute of limitations. 31 U.S.C. § 3731(b)(1). Even if Plaintiff had standing to bring this lawsuit, the matters complained of are barred by the passage of time.

Accordingly, for the reasons set forth in the earlier decision as well as the Defendants' Statement of Points and Authorities in Support of Defendants' Motion to Dismiss (Ct. Rec.
///

ORDER OF DISMISSAL - 2

10), Plaintiff's complaint and this pending lawsuit are **DISMISSED** with prejudice.

**IT IS SO ORDERED**.  The District Court Executive shall provide a copy of this order to each of the parties, enter judgment in accordance with this order, and **CLOSE THE FILE**.

DATED this 9th day of March, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER OF DISMISSAL - 3